# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JOHN A. KING,
            **Plaintiff,**

*vs*.                                                             Civil Action No. 1:09cv15

**LANCE ROLLO, individually
and in his official capacity as Attorney at Law,**
            **Defendant.**

## ORDER/OPINION

On the 14th day of May, 2010, Defendant, through counsel, filed a Motion to Compel Discovery Responses and Deposition by Plaintiff John King [Docket Entry 39]. In his Motion, Defendant asserts that Plaintiff failed to respond to discovery requests served by Defendant or to provide dates on which he is available to appear for a deposition. A review of the docket in this matter indicates that no Response to the Motion had been filed by Plaintiff.

Defendant served his First Discovery Requests on March 12, 2010, with copies to both Plaintiff and Mr. Hart, who, as explained in this Court's June 4, 2010, Order, had not yet been admitted to practice in this District. According to Defendant's Motion to Compel, Mr. Hart continued to advise as of April 15, 2010, that he represented Plaintiff and that local counsel had been found but was awaiting payment of a retainer. According to the Motion, Mr. Hart advised the discovery responses would be completed by the end of April. Despite further attempts at contacting Plaintiff and Mr. Hart, counsel for Defendant had not been contacted by either, and Plaintiff had failed to provide any discovery responses or proposed dates for his deposition.

On June 4, 2010, this Court issued a Show Cause Order directing Plaintiff to show cause why he had not yet retained local counsel and why Mr. Hart had not yet applied for admission *pro hac vice*. Since that Order, Mr. Hart has applied for and been granted admission *pro hac vice* and Greg Schillace

has noticed his appearance as local counsel in this matter.

The Court further finds counsel has shown cause for their failure to properly notice their appearance, although Plaintiff himself has not shown cause for his failure to retain local counsel or to respond to discovery. Nevertheless, the Court is satisfied that the matter can now proceed in a timely manner. Although the hearing previously scheduled was also to consider Defendant's Motion to Compel, the Court finds that motion is non-complex and does not require a hearing at this time. The hearing scheduled for **10:00 a.m. on Wednesday, June 16, 2010**, at the Clarksburg point of holding Court is therefore **CANCELED**.

Regarding Defendant's Motion to Compel there is no dispute that Defendant filed the discovery requests on March 12, 2010, and that Plaintiff has failed to provide dates on which he is available to appear for deposition in West Virginia. It is also undisputed that said requests were sent both to Mr. Hart and to Plaintiff. It is also undisputed that Defendant had in good faith conferred or attempted to conferred with Plaintiff and/or Mr. Hart in an effort to obtain the discovery without court action. Fed. R. Civ. P. 37(a). It is finally undisputed, and a review of the record indicates, that no responses were timely filed to the discovery requests. As already determined by the Court in its previous Order, **all objections to the requested discovery are waived**. Fed.R.Civ.P. 33(b)(4). It is therefore **ORDERED**:

1. Defendant's Motion to Compel Discovery Responses and Deposition by Plaintiff John King [Docket Entry 39] is hereby **GRANTED**.

2. Plaintiff shall provide full and complete responses to all of Defendant's previous discovery requests on or before **July 14, 2010.**

3. Plaintiff shall, on or before **June 21, 2010**, provide to Defendants' counsel, dates for his deposition by Defendant, such deposition to take place on or before **July 30, 2010**, at

Defendant's counsels' law offices in Morgantown, West Virginia, unless another location is agreed upon by both parties.

3. Pursuant to Fed. R. Civ. P. 37(a)(5)(A) and 37(d)(3), counsel for Defendant shall, on or before June 30, 2010, file with the Court and serve on counsel for Defendant a Motion for Fees and Costs containing an accounting of attorneys' fees and costs incurred in preparing the Motion to Compel.

4. Within fourteen (14) days of service of the above-reference accounting, Defendant shall file and serve his objection, if any, to the Motion for Fees and Costs and the amount claimed.

5. Only if both a Motion for Fees and Costs and an Objection to same are filed, shall the Court schedule a hearing to provide Defendant an opportunity to be heard on the motion.

The Court notes that Plaintiff has already been sanctioned by this Court for failure to prosecute. Plaintiff is advised that pursuant to Fed. R. Civ. P. 37(b) and 37(d)(3), sanctions for failure to comply in full with this Court's Orders or to further delay this matter by unreasonable failure to cooperate with Defendant's counsel in resolving discovery matters shall result in further sanctions which may include any of the sanctions available to the Court up to and including dismissal of the action.

It is so **ORDERED**.

The Clerk is directed to provide a copy of this Order to counsel of record, and to cancel the hearing scheduled for 10:00 a.m. on Wednesday, June 16, 2010.

DATED: June 14, 2010.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE