# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**JOHN A. KING,**
   **Plaintiff,**

*vs*.              Civil Action No. 1:09cv15

**LANCE ROLLO, individually
and in his official capacity as Attorney at Law,**
   **Defendant.**

## ORDER/OPINION

It shall be recalled that on the 14th day of May, 2010, Defendant, through counsel, filed a Motion to Compel Discovery Responses and Deposition by Plaintiff John King [Docket Entry 39]. In his Motion, Defendant asserted that Plaintiff failed to respond to discovery requests served by Defendant or to provide dates on which he was available to appear for a deposition. No Response to the Motion was filed. On June 14, 2010, this Court **ORDERED** Plaintiff to provide full and complete responses to all of Defendant's previous discovery requests on or before **July 14, 2010;** and on or before **June 21, 2010**, to provide to Defendants' counsel dates for his deposition by Defendant, such deposition to take place on or before **July 30, 2010**..

  At the conclusion of the June 14, 2010, ORDER, the Court stated:

  The Court notes that Plaintiff has already been sanctioned by this Court for failure to prosecute. Plaintiff is advised that pursuant to Fed. R. Civ. P. 37(b) and 37(d)(3), sanctions for failure to comply in full with this Court's Orders or to further delay this matter by unreasonable failure to cooperate with Defendant's counsel in resolving discovery matters shall result in further sanctions which may include any of the sanctions available to the Court up to and including dismissal of the action.

  On July 14, 2010, Defendant's Motion for Attorney's Fees was GRANTED [Docket Entry 52].

  Now, more than three months after Defendant filed his original Motion to Compel, and almost two months since Plaintiff was ordered to have provided full and complete responses, Defendant is forced to file another Motion to Compel for the same information. According to Defendant's motion,

the parties agreed that Plaintiff would supplement his discovery responses no later than August 15, 2010, and would appear for a deposition no later than August 31, 2010. On Friday, August 13, 2010, Plaintiff's counsel left a voice mail message for Defendant's counsel stating that the supplementations, executed releases for social security earnings information and federal tax returns would be forthcoming August 16, 2010. According to Defendant as of August 19, 2010, she still had not received the promised supplementation. On August 23, 2010, however, Plaintiff's counsel sent email correspondence advising that a death in his wife's family required his absence from the office, but supplementation would be forthcoming in the next two days. Finally, the parties agreed the responses would be supplemented by August 27, 2010. On that date, counsel received copies (not originals) of the executed releases, but no additional supplementation. At the close of business August 30, 2010, counsel had still not received the supplemental responses or the originals of the executed releases.

Upon review of the docket, the Court finds no Certificate of Service for any supplemental discovery responses as of September 2, 2010.

Upon consideration of all of the above, Plaintiff's "Motion to Compel Complete Discovery Responses and to Amend Scheduling Order" [Docket Entry 56] is **GRANTED**. Plaintiff shall provide complete responses to the discovery requests, as well as the originals of the executed releases, within seven (7) calendar days of entry of this Order.

The Court finds that Plaintiff has failed to obey this Court's direct Order to provide discovery. Pursuant to Fed.R.Civ.R. 37(b)(2)(A), penalties for such failure include:

(1) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the actions, as the prevailing party claims;

(2) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from

introducing designated matters in evidence;

(3) striking pleadings in whole or in part;

(4) staying further proceedings until the order is obeyed;

(5) dismissing the action or proceeding in whole or in part;

(6) rendering a default judgment against the disobedient party;

(7) treating as contempt of court the failure to obey any order except an order to submit to physical or mental examination.

It is also noted this Court has already sanctioned Plaintiff $1,000.00 for failure to prosecute and then awarded attorneys fees and costs in granting the original motion to compel in the amount of nearly $700.00. Neither seems to have affected Plaintiff's behavior in regard to delay these proceedings. Further, the Court warned in its last order that failure to comply in full with this Court's Orders or to further delay this matter by unreasonable failure to cooperate "shall result in further sanctions which may include any of the sanctions available to the Court up to and including dismissal of the action." It is noted that the delay has now compelled the Court to consider an extension of the scheduling order.

In order to keep this matter on track, the Court **ORDERS** that a Rule 16 status conference shall be held on **Wednesday, September 15, 2010, at 10:00 a.m.** in the Magistrate Judge Hearing Room on the third floor of the Federal Courthouse in Clarksburg, WV. Counsel, as well as Plaintiff, shall appear in person. Plaintiff shall be prepared to show that he has fully complied with this Court's previous orders and shall also be prepared to show cause why he should not be sanctioned and/or held in contempt of court for his past and current failure to comply. Plaintiff and all counsel shall also be prepared, with calendars in hand, to set a date for Plaintiff's deposition, should same not yet have occurred.

Additionally, Defendant's request for attorney's fees and costs incurred in preparing and filing

the present motion to compel is **GRANTED**.  Defendant shall file and serve an accounting of the fees and costs incurred in preparing and filing this motion within seven (7) calendar days of entry of this Order.  Plaintiff shall be heard on the reasonableness of the costs and fees at the above-scheduled hearing.  Defendant shall be permitted to supplement his costs and fees accounting for costs and fees incurred in preparing for and attending the hearing.

Finally, the parties request the Court amend its Scheduling Order due to the non-receipt of discovery.  The Court agrees to the proposed new schedule, with one exception.  The date for Plaintiff to file any expert disclosure has long passed.  There has been no disclosure, nor did Plaintiff request an extension of time to disclose any experts prior to the deadline.  Plaintiff has therefore waived his opportunity to retain or use an expert in this matter.

As for the remainder of the scheduling order, the deadlines are:

Defendant's expert disclosure – December 1, 2010.

Rebuttal expert disclosures –  January 1, 2011.

Daubert Motions –  January 14, 2011.

Daubert Responses –  January 28, 2011.

Daubert hearing, if necessary – To be determined by the Court.

Completion of discovery – February 28, 2011.

Mediation Deadline – March 5, 2011.

Dispositive Motions – March 14, 2011.

Response to Dispositive Motions – March 28, 2011.

Reply – April 9, 2011.

All dates following the Reply to Dispositive Motions, including but not limited to joint pretrial

order, voir dire, jury instructions, motions in limine, and witness and exhibit lists remain as scheduled in the original scheduling order for this matter. The Final Pretrial Conference and Trial date remain as originally scheduled, May 26, and June 13, 2011, respectively.

    It is so **ORDERED**.

    The Clerk is directed to provide a copy of this Order to counsel of record.

DATED: September 2, 2010.

                                *John S. Kaull*
                                JOHN S. KAULL
                                UNITED STATES MAGISTRATE JUDGE