# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JOHN A. KING,
        Plaintiff,

vs.                                            Civil Action No. 1:09cv15

LANCE ROLLO, individually
and in his official capacity as Attorney at Law,
        Defendant.

## ORDER/OPINION

On September 15, 2010, came Defendant, Lance Rollo, through counsel Wendy G. Adkins and came Plaintiff, John A. King, in person and through counsel John W. Hart via telephone and Gregory H. Schillace, in person, for an opportunity to be heard regarding Defendant's Accounting of Expenses Associated with Motion to Compel and for a Rule 16 Status Conference.

It shall be recalled that on September 3, 2010, this Court granted Plaintiff's "Motion to Compel Complete Discovery Responses and to Amend Scheduling Order" [Docket Entry 56]. The Court further granted Defendant's request for attorney's fees and costs incurred in preparing and filing the present motion to compel. Defendant was directed to file and serve an accounting of the fees and costs incurred in preparing and filing this motion within seven (7) calendar days of entry of the Order. The hearing was scheduled, in part, to provide Plaintiff an opportunity to be heard on the reasonableness of the costs and fees claimed.

On September 8, 2010, Defendant, through counsel, filed his Accounting of Expenses Associated with Motion to Compel, claiming fees in the amount of $468.50 and expenses in the amount of $8.20 for preparing and filing the motion [Docket Entry 59]. Upon inquiry by the Court, counsel for Defendant advised he was not in a position to object to the reasonableness of the fees and

costs claimed. The Court further finds the fees and expenses claimed are reasonable. It is therefore **ORDERED** that, within 30 days of the date of this Order, Plaintiff shall pay unto Defendant the sum of $476.70 as the reasonable costs and fees incurred in the preparation and filing of the Motion To Compel.

Pursuant to the Court's September 3, 2010, Order, Defendant shall be permitted to file a supplemental accounting of costs and fees incurred in preparing for and attending the September 15, 2010 hearing. Any such accounting shall be filed on or before September 22, 2010. Plaintiff shall file his objections, if any, to the reasonableness of the claimed fees and expenses and the Court's allowance of same on or before October 8, 2010. Only if both a supplemental accounting and objection to same are filed, will the Court schedule an opportunity for Plaintiff to be heard regarding the issue.

The Court further **ORDERS** that Plaintiff shall provide full and complete responses to Defendant's discovery requests on or before noon on Friday, September 17, 2010. In order to expedite the production, lead counsel for Plaintiff shall be permitted to serve the responses directly upon Defendant's counsel without going through local counsel. Local counsel shall sign the responses upon receipt.

The Court at this time **DENIES** Defendant's request for further sanctions, but once again warns that if Plaintiff continues in his failure to comply with the scheduling order or this Court's Orders, the Court will consider seriously further sanctions, up to and including recommending dismissal of this action.

Counsel for Defendant advised the Court that Plaintiff's deposition was scheduled for

Wednesday, September 22, 2010, in Clarksburg, West Virginia. The Court ORDERED that the deposition would take place as stated. Upon which, counsel suggested the deposition be delayed due to the non-receipt of the discovery. Insofar as the Court may construe the suggestion as a motion to continue the deposition date, that request is **DENIED**.

It is so **ORDERED**.

The Clerk is directed to provide a copy of this Order to counsel of record.

DATED: September 16, 2010.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE