```
IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

JOHN KING,

    **Plaintiff,**

v.                          //     CIVIL ACTION NO. 1:09CV15
                                      (Judge Keeley)

LANCE ROLLO, individually and
in his official capacity as
Attorney at Law,

    **Defendant.**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 89],
GRANTING DEFENDANT'S MOTION FOR SANCTIONS [DKT. NO. 64],
AND DISMISSING CASE WITH PREJUDICE**

## I. INTRODUCTION

On January 28, 2011, the Honorable John S. Kaull, United States Magistrate Judge ("Magistrate Judge Kaull"), entered a report and recommendation ("R&R") recommending that the defendant, Lance Rollo's ("Rollo"), motion for sanctions be granted and that the claims of the plaintiff, John King ("King"), be dismissed. King filed timely objections to the R&R (dkt. no. 93), to which Rollo has responded (dkt. no. 94). The matter is ripe for review and, for the reasons that follow, the Court adopts the R&R in its entirety, grants Rollo's motion for sanctions, and dismisses King's case with prejudice.

**KING V. ROLLO** 1:09CV15

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 89],
GRANTING DEFENDANT'S MOTION FOR SANCTIONS [DKT. NO. 64],
AND DISMISSING CASE WITH PREJUDICE**

## II. BACKGROUND

In the R&R, Magistrate Judge Kaull thoroughly sets out the facts and procedural background of this case. Briefly, King filed this legal malpractice case over two years ago, and, since then, has consistently disregarded the Court's orders and refused to comply with his discovery obligations. Such conduct has prompted Rollo to file several motions to compel, as well as the pending motion for sanctions (dkt. no. 64). Because of such misconduct, the Court has sanctioned King on four separate occasions. See (dkt. nos. 27, 52, 62, & 85). These sanctions, which are monetary in nature, total $3,747.09. To date, $2,065.50 of that sum remains unpaid.[1]

As far back as November 25, 2009, the Court warned King that

---

[1] On September 16, 2010, Magistrate Judge Kaull ordered King to pay $476.70 as the reasonable costs and fees Rollo incurred in preparing a motion to compel (dkt. no. 62). King did not object to the reasonableness of this amount. Although Magistrate Judge Kaull ordered King to pay this balance within thirty days, King has failed to do so, or provide any explanation for this failure. On January 14, 2011, Magistrate Judge Kaull ordered King to pay an additional $1,588.80 in reasonable costs and fees Rollo incurred in preparing an additional motion to compel and in addressing discovery issues at a hearing held on September 15, 2010 (dkt. no. 85). Again, King has not objected to the reasonableness or propriety of this award. Although Magistrate Judge Kaull ordered King to pay this amount within twenty days, King has also failed to pay it, or offer an explanation for his failure to do so.

**KING V. ROLLO**                                                   **1:09CV15**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 89],
GRANTING DEFENDANT'S MOTION FOR SANCTIONS [DKT. NO. 64],
AND DISMISSING CASE WITH PREJUDICE**

his noncompliance and misconduct could result in the dismissal of his case.  See, e.g., Order Scheduling Show Cause Hearing (dkt. no. 21); see also Order (dkt. no. 62).  Despite these repeated sanctions and warnings, King has failed to act in good faith and has consistently demonstrated contempt for opposing counsel, the authority of this Court, and the civil justice system.

### III.  REPORT AND RECOMMENDATION

In the R&R, Magistrate Judge Kaull recognized that Federal Rule of Civil Procedure 37(b)(2)(A) authorizes a district court to sanction a party who fails to obey a discovery order by dismissing "the action in whole or in part."  Nevertheless, in the Fourth Circuit, dismissal is an "extreme sanction" that should be imposed only after a court has carefully weighed the following four factors:

> (1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions.

Mutual Federal Sav. and Loan Ass'n v. Richards & Associates, Inc., 872 F.2d 88, 92 (4th Cir. 1989) (citing Wilson v. Volkswagen of

**KING V. ROLLO**                                                          **1:09CV15**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 89],
GRANTING DEFENDANT'S MOTION FOR SANCTIONS [DKT. NO. 64],
AND DISMISSING CASE WITH PREJUDICE**

America, Inc., 561 F.2d 494, 503-06 (4th Cir. 1977)).

After weighing these factors in the R&R, Magistrate Judge Kaull concluded that King's untimely and deficient discovery responses, recalcitrant conduct during his deposition, and repeated disregard for the rules and orders of this Court demonstrated bad faith. He further determined that King's misconduct had caused Rollo actual prejudice because the information sought by Rollo in discovery directly affected his ability to defend himself from King's legal malpractice claims.

Magistrate Judge Kaull also concluded that, because King's conduct had repeatedly delayed this case and demonstrated disrespect for the orders and rules of this Court, it should be deterred. Finally, Magistrate Judge Kaull concluded that less drastic sanctions had failed because the monetary penalties imposed by the Court had not deterred King's misconduct or his defiance of the Court's authority. Accordingly, Magistrate Judge Kaull recommended that Rollo's motion for sanctions be granted and King's case dismissed.

King's objections to the R&R assert that Magistrate Judge Kaull failed to acknowledge his good faith attempts to comply with his discovery obligations, including submitting 700 pages of

**KING V. ROLLO**                                                    **1:09CV15**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 89],
GRANTING DEFENDANT'S MOTION FOR SANCTIONS [DKT. NO. 64],
AND DISMISSING CASE WITH PREJUDICE**

documents to Rollo on July 14, 2010, supplementing his discovery responses with 300 pages of additional documents on September 17, 2010, executing releases for documents held by his former attorneys and accountants in January of this year, and responding to a second request for production of documents on January 4, 2011. King contends further that he simply lacks many of the documents sought by Rollo, and that his lack of available documents and information does not evince bad faith. Finally, he argues that the lack of documentation will only make his own case more difficult to prove, and therefore cannot prejudice Rollo.

Rollo, however, contends that King has consistently failed to provide full and complete responses to discovery requests, failed to timely execute releases of documents held by King's former attorneys and accountants, and has ignored the Court's orders setting discovery deadlines and awarding attorneys' fees and costs. He therefore urges the Court to adopt the R&R in its entirety because King's bad faith has prejudiced his defense.

## IV.   LEGAL STANDARD

The Court reviews <u>de novo</u> any portions of the R&R to which a specific objection has been made, 28 U.S.C. § 636(b)(1), but may adopt without explanation any recommendations to which there are no

**KING V. ROLLO**                                                  **1:09CV15**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 89],
GRANTING DEFENDANT'S MOTION FOR SANCTIONS [DKT. NO. 64],
AND DISMISSING CASE WITH PREJUDICE**

objections. Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983); see also Nettles v. Wainwright, 656 F.2d 986, 986-87 (5th Cir. 1981). A failure to file specific objections "waives appellate review of both factual and legal questions." Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991).

## V. ANALYSIS

The discovery provisions of the Federal Rules of Civil Procedure ("the Rules") are intended "to narrow and clarify the basic issues between the parties," and to serve as a "device for ascertaining the facts, or information as to the existence or whereabouts of facts, relative to those issues," so that the parties may "obtain the fullest possible knowledge of the issues and facts before trial." Hickman v. Taylor, 329 U.S. 429, 501 (1947). To satisfy these goals, the Rules require the litigating parties to conduct discovery in good faith:

> Fulfilling obligations under the rules requires much more than simply going through the motions. It requires, among other things, a true effort to fully answer interrogatories, to produce relevant documents in a timely manner, and to properly conduct oneself during depositions. These matters are important to the smooth and efficient operation of the judicial system and are not to be taken lightly.

**KING V. ROLLO**                                                    **1:09CV15**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 89],
GRANTING DEFENDANT'S MOTION FOR SANCTIONS [DKT. NO. 64],
AND DISMISSING CASE WITH PREJUDICE**

Smith v. US Sprint, 19 F.3d 12 (table), 1994 WL 62338, at *4 (4th Cir. 1994) (unpublished).

Pursuant to Fed. R. Civ. P. 37, a plaintiff's "flagrant bad faith" and "callous disregard" of these responsibilities may warrant the "extreme sanction of dismissal." National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 643 (1976). As Magistrate Judge Kaull correctly observed, when weighing whether to impose the sanction of dismissal, the Fourth Circuit directs district courts to consider the four-part test in Richards, 872 F.2d at 92. The Court therefore turns to this test and addresses each part in turn.

A. **Whether the Noncomplying Party Acted in Bad Faith**

King's primary objection to Magistrate Judge Kaull's R&R is that it fails to acknowledge his "good faith" attempts to comply with his discovery obligations. The record in this case, however, belies any claim of good faith. On June 16, 2010, Magistrate Judge Kaull granted Rollo's motion to compel responses from King to discovery submitted by Rollo on March 12, 2010 (dkt. no. 49). In doing so, he instructed King to "provide full and complete responses" to all of Rollo's previous discovery requests on or before July 14, 2010, and also to provide dates by which he could

**KING V. ROLLO**                                              **1:09CV15**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 89],
GRANTING DEFENDANT'S MOTION FOR SANCTIONS [DKT. NO. 64],
AND DISMISSING CASE WITH PREJUDICE**

be deposed. Magistrate Judge Kaull further ordered King's deposition to take place on or before July 30, 2010. Notably, he warned King that his failure to comply with his discovery obligations could include "any of the sanctions available to the Court up to and including dismissal of the action."

King failed to heed these clear directives and stern warnings. Instead of providing full and complete answers to Rollo's discovery requests, he submitted evasive and incomplete responses. He also failed to execute releases requested by Rollo, which prevented Rollo from taking his deposition on or before July 30, 2010. That, in turn, prompted Rollo to file an additional motion to compel supplemental responses and move to amend the pretrial schedule (dkt. no. 56). Magistrate Judge Kaull granted Rollo's motion and awarded attorneys' fees and costs incurred by Rollo to prepare the motion. He again ordered King to provide complete responses to discovery requests and to execute releases within seven days (dkt. no. 58). He also reiterated his earlier warning to King that failure to comply with these directives could result in dismissal of the action. Finally, he granted Rollo's request to modify the pretrial schedule, but in doing so declared that King's deadline for completing his expert witness disclosures had expired.

**KING V. ROLLO**                                                    **1:09CV15**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 89],
GRANTING DEFENDANT'S MOTION FOR SANCTIONS [DKT. NO. 64],
AND DISMISSING CASE WITH PREJUDICE**

Following a status conference on September 15, 2011, Magistrate Judge Kaull again ordered King to "provide full and complete responses to [Rollo's] discovery requests on or before Friday, September 17, 2010," and warned him that his "failure to comply with the scheduling order or this Court's Orders" could result in a recommendation of "dismissal of this action." (dkt. no. 62).

On September 16, 2010, King sent supplemental answers to Rollo's first set of interrogatories via overnight mail (dkt. no. 64-1). These responses, however, provided limited and evasive answers to Rollo's requests for various documents and records. For example, in response to a request for financial statements or tax records of any businesses he had operated between 1999 and the present, King stated:

> I have not retained any financial statements or tax records concerning my limited liability company. I have moved many times in the past seven (7) years and each time I have thrown away or disposed of any such records that may have been in my possession.

(dkt. no. 64-1). Even if truthful, King's response failed to disclose where Rollo could obtain such information and did not include a release authorizing his accountant to disclose this information to Rollo. King provided similarly inadequate responses

9

**KING V. ROLLO**                                                        **1:09CV15**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 89],
GRANTING DEFENDANT'S MOTION FOR SANCTIONS [DKT. NO. 64],
AND DISMISSING CASE WITH PREJUDICE**

to requests for documents relating to his staff privileges at Putnam General Hospital and any adverse actions taken by various medical licensing boards. He also failed to execute a release authorizing Rollo to obtain these documents.

King's inadequate and evasive responses fail to comply with his obligation under Fed. R. Civ. P. 34 to produce documents or information within his "possession, custody, or control." Moreover, in response to a request for documents relating to any legal malpractice claims he has pursued, King referenced only his earlier submission of documents relating to a case against the law firm of LeClair Ryan, and failed to mention any other legal malpractice cases he had filed. During his deposition on September 22, 2010, however, King testified about other legal malpractice suits he has pursued against Richard Poff and Robert Coleman in Alabama, and Mike Bothwell in Georgia. See Depo. of John A. King at 80-82 (Sept. 22, 2010) (dkt. no. 64-1). Such evasive, inconsistent and disingenuous responses demonstrate King's bad faith and failure to fulfill his discovery obligations.

Moreover, despite the expiration of the deadline for disclosing his expert witnesses, King disclosed an expert witness late, on November 1, 2010. When Rollo sought to preclude such

**KING V. ROLLO**                                                        **1:09CV15**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 89],
GRANTING DEFENDANT'S MOTION FOR SANCTIONS [DKT. NO. 64],
AND DISMISSING CASE WITH PREJUDICE**

disclosure, King objected.  Over King's objection, this Court affirmed Magistrate Judge Kaull's orders precluding King from retaining or using an expert in the case.  <u>See</u> Order Affirming Orders of the Magistrate Judge (dkt. no. 92).  Such actions further demonstrate King's disregard of and contempt for the Court's authority.

On October 8, 2010, Rollo sent King a second request for production based on information disclosed during King's deposition.  Notably, that deposition, which took place on September 22, 2010, nearly two months after the deadline imposed by Magistrate Judge Kaull, was replete with nonresponsive and evasive answers.  Although King's responses to this request were due on November 8, 2010, he missed this deadline as well as an additional seven-day extension granted by Rollo.  After Rollo filed another motion to compel, King finally responded to Rollo's second set of discovery requests more than two weeks after they were due.  Rollo contends that these late responses also were deficient.

On December 22, 2010, Magistrate Judge Kaull granted Rollo's motion to compel, and directed King to provide full and complete responses to Rollo's second set of discovery requests on or before January 4, 2011.  In his objections to the R&R, King asserts that

11

**KING V. ROLLO**  1:09CV15

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 89], GRANTING DEFENDANT'S MOTION FOR SANCTIONS [DKT. NO. 64], AND DISMISSING CASE WITH PREJUDICE**

he complied with this directive in good faith because he submitted a second response to the second request for production of documents on January 4, 2011.

According to Rollo, however, King produced no documents, and only executed five out of ten requested releases, two of which were incomplete. He further asserts that King never provided all ten of the requested releases until January 20, 2011, well after the deadline set by Magistrate Judge Kaull.

King's history of repeated failures to comply with his discovery obligations convincingly establishes his bad faith. As recognized in Richards, "[e]ven though [King] may have made efforts to comply, the attempts were last ditch and only offered when it became crystal clear that [he was] going to lose the case unless [he] did something. In the context here, the things done did not add up to an adequate 'something.'" Richards, 872 F.2d at 93.

Here, when considered in light of his consistent disregard for the orders of this Court and the directives of the Rules, King's "last ditch" efforts hardly demonstrate good faith or mitigate the prejudice to Rollo. The Court agrees with both Rollo and Magistrate Judge Kaull that the egregiousness of King's misconduct weighs heavily in favor of dismissing his case.

**KING V. ROLLO**                                           **1:09CV15**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 89],
GRANTING DEFENDANT'S MOTION FOR SANCTIONS [DKT. NO. 64],
AND DISMISSING CASE WITH PREJUDICE**

**B.   The Amount of Prejudice the Noncomplying Party's Noncompliance Caused His Adversary**

King asserts that his failure to produce documents and information does not prejudice Rollo, but only makes King's claims more difficult to prove and easier to defend against by Rollo. As Magistrate Judge Kaull correctly concluded, however, King has failed to comply with his discovery obligations in good faith and, by doing so, has withheld material evidence from Rollo. Moreover, he has impaired Rollo's ability to discover the facts and information at issue, to evaluate the merits of the claims, and to prepare a defense. That King's noncompliance might make his own case more difficult to prove does not diminish its prejudicial impact on Rollo's defense. See Hickman, 329 U.S. at 501. Accordingly, King's failure to comply with his discovery obligations and the prejudice suffered by Rollo as a result weigh in favor of dismissal.

**C.   The Need for Deterrence of the Particular Sort of Noncompliance**

King does not specifically object to Magistrate Judge Kaull's conclusion that his noncompliance with the Court's orders warrants deterrence. His repeated "stalling and ignoring the direct orders of the court with impunity" constitutes "misconduct [that] must

**KING V. ROLLO**                                                                1:09CV15

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 89],
GRANTING DEFENDANT'S MOTION FOR SANCTIONS [DKT. NO. 64],
AND DISMISSING CASE WITH PREJUDICE**

obviously be deterred." <u>Richards</u>, 872 F.2d at 93. Dismissing his case will send the "unmistakable message to [King] and others that the judicial system will not tolerate repeated misconduct never wholly remedied in the future." <u>Id.</u> As the Fourth Circuit stated in <u>Richards</u>, "[t]o find otherwise would be to send the opposite message that the court may be pushed, ignored and defied to the outermost limits so long as the noncomplying party has even an inadequate fallback act ready in the wings should the final curtain be falling." <u>Id.</u> Here, the need to deter King's misconduct weighs heavily in favor of dismissing his case.

**D.      <u>The Effectiveness of Less Drastic Sanctions</u>**

Notably, King does not specifically object to Magistrate Judge Kaull's conclusion that less drastic sanctions have failed to deter his misconduct. As Magistrate Judge Kaull correctly observed in his R&R, the Court has already sanctioned King $3,747.09, to no avail. In point of fact, he has yet to pay $2,065.50 of this. King never objected to the imposition of these monetary sanctions; he just failed to pay them, and has offered no explanation for his failure to do so. Moreover, even after the Court granted Rollo's motions to compel and warned King that his noncompliance could result in dismissal of his case, he remained undeterred and his

**KING V. ROLLO**  1:09CV15

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 89],
GRANTING DEFENDANT'S MOTION FOR SANCTIONS [DKT. NO. 64],
AND DISMISSING CASE WITH PREJUDICE**

pattern of noncompliance persisted. Accordingly, because less drastic sanctions have not deterred King's misconduct, this element also weighs in favor of dismissal.

## VI. CONCLUSION

For the reasons discussed, the Court **ADOPTS** Magistrate Judge Kaull's R&R in its entirety (dkt. no. 89), **GRANTS** Rollo's motion for sanctions (dkt. no. 64), and **DISMISSES** this case **WITH PREJUDICE**.

It is so **ORDERED**.

The Court directs the Clerk to enter a separate judgment order in favor of the defendant, Lance Rollo, and to transmit copies of both orders to counsel of record. The judgment order shall include the $2,065.50 King owes to Rollo in unpaid fees and costs.

DATED: March 15, 2011.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE